[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO SET ASIDE THE VERDICT
The above entitled cases involve a motor vehicle accident in which a motorcycle operated by the plaintiff, Stephen Sobolisky ("Sobolisky"), and owned by the defendant, Lee Scianna ("Scianna"), was involved in a collision with the vehicle owned by the American Linen Supply Co. ("American") and operated by Malcolm L. Beckert ("Beckert").
One file involves a lawsuit brought by Sobolisky against Beckert and American. The second file involves a lawsuit brought by Angelo Cardella ("Cardella"), who was a passenger on the motorcycle, against Beckert, American, Sobolisky and Scianna. The two cases were tried together and the jury returned a verdict in favor of Beckert and American in the lawsuit brought by Sobolisky and returned a verdict in favor of Cardella against Beckert, American, Sobolisky and Scianna. The defendant Scianna, in the case brought by Cardella, had been defaulted prior to trial and did not appear to defend the action. In the first case, the plaintiff Sobolisky has filed a Motion to Set Aside the defendant verdict rendered against him in favor of the defendants Beckert and American. In the second case brought by Cardella, the defendants Beckert and American, as well as the defendant Sobolisky, who was represented by separate counsel, have filed motions to set aside the verdict in favor of the plaintiff Cardella. CT Page 3282
Sobolisky has moved to set aside the verdict against him on the grounds that (1) the verdict was contrary to the evidence; (2) the verdict form submitted in the Cardella case listed Scianna and Sobolisky on the same line; (3) the court failed to grant a mistrial; and (4) juror misconduct occurred.
In his claim that the verdict was contrary to the evidence, the plaintiff Sobolisky relies upon the case of Mahoney v. Beatman,110 Conn. 184 (1929) wherein it was held that the conduct of the plaintiff in traveling at an excessive speed was not the proximate cause of the resulting damages when a vehicle operated by the defendant crossed over the center line of the highway causing accident. In the present case, the plaintiff Sobolisky claimed that he was operating a motorcycle when the vehicle operated by the defendant Beckert pulled out in front of him from a side street without warning, thereby causing Sobolisky to lose control of the motorcycle; to strike a parked vehicle, and to sustain serious injuries. The defendant Beckert testified that he looked before entering the roadway and did not see any vehicle approaching from his left, although he had a clear visibility for a considerable distance. Beckert further testified that as he was partway through his righthand turn onto the roadway, the motorcycle passed him at high rate of speed and struck the parked car. Aside from the fact that the plaintiff Sobolisky did not file a Request to Charge or take exception to the charge with respect to the matters raised in his Motion to Set Aside the Verdict, there is ample evidence to support a verdict in favor of the defendant on the issues of impairment by alcohol, speed, control and lookout.
The second ground advanced by the plaintiff Sobolisky to set aside the verdict is based upon the fact that Scianna and Sobolisky were listed on the same line on the verdict form submitted to the jury in the Cardella case. The plaintiff Sobolisky was represented, by different attorneys in the lawsuit brought by him as a plaintiff and the lawsuit brought against him by Cardella. The attorney for Sobolisky in the Cardella case makes a similar claim and will be hereinafter discussed. However, the verdict form submitted to the jury on the lawsuit brought by Cardella was not involved in the lawsuit brought by Sobolisky. The claims relating to the Cardella case are therefore not involved in the lawsuit brought by Sobolisky and there is no claim that any verdict forms bearing Scianna's name were submitted to the jury with respect to the lawsuit brought by Sobolisky.
The third ground asserted by the plaintiff Sobolisky is based CT Page 3283 upon a question asked by counsel for the defendant Beckert as to whether or not the police officer who had investigated the accident had asked hospital authorities to take a blood alcohol test. Objection was made, the jury was excused and the question was not allowed to be answered. Sobolisky claims that because a Motion in Limine was filed directed to certain issues, that the court should have granted a mistrial based upon the fact that a question of that nature was asked. The evidence indicated that two blood alcohol tests were taken of the plaintiff Sobolisky, both showing alcohol content in the blood, but which also showed different readings, (which was the subject of expert testimony by both parties). One of the issues litigated was the time at which the second blood alcohol test was performed and, arguably, a request by the police might have been related to the time the second test was taken. At any rate, the mere asking of the question did not deprive the plaintiff of a fair trial and does not constitute a justifiable ground for a mistrial or for vacating of the verdict.
The plaintiff Sobolisky also asserts that the verdict should be set aside on the grounds that, during the rereading of certain testimony to the jury during deliberations, two jurors had a private conversation during that process. The plaintiff Sobolisky therefore asserts that there were private deliberations to the exclusion of other jurors constituting juror misconduct necessitating a new trial. The plaintiff Sobolisky claims that part of the conversation could be overheard but did not set forth what that conversation was. The conduct described by the plaintiff Sobolisky can hardly be considered deliberations within the meaning of such cases as Speed v. Delibero, 19 Conn. App. 95, 101 (1989). In addition, "[W]here alleged juror misconduct claimed as prejudicial is known by the party or his counsel prior to rendition of a verdict, and no objection is made, nor the matter brought to the court's attention, the party cannot later assert misconduct as grounds for a new trial." State v. Stankowski, 184 Conn. 121,155-156 (1981). The claim of the plaintiff Sobolisky involving overheard conversation during the reading of testimony was raised for the first time on the Motion to Set Aside the Verdict.
Accordingly, the Motion to Set Aside the Verdict filed by the plaintiff Sobolisky is thereby denied.
The plaintiff Cardella received a verdict against the defendants Beckert, American, Sobolisky and Scianna which included an award for economic damages in the amount of $56,262.00. The defendants Beckert, American and Sobolisky have moved to set that CT Page 3284 verdict aside on the grounds that the award of economic damages is excessive and contrary to the evidence. They also seek a remittitur with respect to that issue.
The parties are in agreement that the plaintiff Cardella incurred medical bills in the amount of $5,033.47. The defendants claim that the loss of wage claim could be no more than $18,340.00 and therefore assert that the economic damage award is excessive. The plaintiff Cardella claims that the loss of wage claim is in the amount of $23,510.00 and that, together with the claim with respect to loss of earning capacity, is sufficient to sustain the amount of the verdict.
The plaintiff Cardella submitted-evidence to establish a permanent injury to the cervical and lumbar spines as well as permanent injury to the left lower extremity. He further produced evidence that he could not return to his former position as a tree trimmer because he was unable to climb as a result of the injuries, thereby suffering a reduction in pay. The plaintiff Cardella also testified to his inability to conduct certain activities and that he is presently impaired by experiencing difficulty with certain activities such as climbing of stairs. Given the plaintiff Cardella's life expectancy, which was in excess of 50 years at the time of trial, the court cannot conclude as a matter of law that the damages are excessive.
Accordingly, the Motion to Set Aside the Verdict and for a Remittitur based upon the award of economic damages is denied.
The defendant Sobolisky also asserts that the placing of his name on the same line with that of Scianna in the verdict form constitutes a ground to set aside the verdict.
The fact that a default was entered against Scianna would entitle Cardella to an award of at least nominal damages as against Scianna. Kolter v. Carabetta Enterprises, Inc., 186 Conn. 640, 664
(1982). While exceptions were taken on behalf of the defendant Sobolisky to the inclusion of Sobolisky and Scianna on the same line in the verdict form, there was no exception taken by any party with respect to the relative responsibilities as between Sobolisky and Scianna. It is true that the jury could have found that the defendant Sobolisky was not responsible for the accident and returned a verdict only against the defendants Beckert and American. In such a situation, the jury would have returned a verdict in favor of the defendant Scianna as well as the defendant CT Page 3285 Sobolisky. However, neither Cardella, Beckert nor American complains of that possibility and there was not any claim asserted in that regard. The issues were submitted to the jury with respect to the relative responsibilities as between Sobolisky as an operator and Beckert as an operator (together with American). The jury's verdict reflects their determination in that regard.
The Motion to Set Aside the Verdict on behalf of the defendant Sobolisky is denied.
The parties have requested that a hearing be held with respect to the collateral source payments pursuant to General Statutes52-225a. Accordingly, a hearing will be held on March 21 at two o'clock with regard to collateral source payments.
Rush, J.